# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GUIDO C. LIBERTINY,
      Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
      Agency.

DOCKET NUMBER
DA-0841-16-0520-I-1

DATE: February 21, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Guido C. Libertiny</u>, Schertz, Texas, pro se.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which reversed in part and remanded in part the decision of the Office of Personnel Management (OPM) to exclude the appellant's military service from the computation of his civil service retirement annuity. Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons discussed below, we DENY the appellant's petition for review, AFFIRM the initial decision, and REMAND the case to OPM to further develop the record.

## BACKGROUND

¶2 The appellant retired from the U.S. Air Force (USAF) on February 28, 1993, after 21 years, 7 months, and 15 days of active duty. Initial Appeal File (IAF), Tab 10 at 36. He entered on duty with the U.S. Postal Service (USPS) on March 16, 1996, and was employed until he retired under the Federal Employees' Retirement System (FERS) on November 30, 2014. *Id.* at 9, 37. Following his retirement from the USPS, the appellant received his FERS annuity, combat-related special compensation (CRSC) benefits, and military retired pay. *Id.* at 6, 9, 21.

¶3 OPM's initial decision indicates that the appellant requested credit for his military service for purposes of computing his FERS annuity but that OPM denied his request because he already was receiving military retired pay that was not awarded on the basis of combat-incurred injuries. *Id.* at 11. The appellant requested reconsideration of the decision. *Id.* at 9. Upon reconsideration, OPM affirmed its decision. *Id.* at 6-8. OPM stated that the appellant could not receive credit for his military service because he did not waive his military retired pay.

*Id.* at 6.  OPM further stated that he did not demonstrate an exception to this general rule because he did not sufficiently document a service-connected disability that was combat-incurred or that he experienced an injury that was the primary basis for his military retirement.  *Id.* at 6-7.

¶4    The appellant filed the instant Board appeal challenging OPM's reconsideration decision.  IAF, Tab 1.  He did not request a hearing.  *Id.* at 4.  The administrative judge issued an initial decision on the basis of the written record affirming the reconsideration decision in part and remanding it in part.  IAF, Tab 14, Initial Decision (ID).  She found that OPM correctly determined that the appellant did not establish his entitlement to military service credit in his FERS annuity on the basis of a service-connected disability.  ID at 4-7.  However, she remanded the appeal for OPM to develop the issue of whether to otherwise credit the appellant's military service in computing his FERS annuity.  ID at 8-10.

¶5    The appellant filed a petition for review to which OPM did not respond.  Petition for Review (PFR) File, Tab 1.  Subsequently, we issued a show cause order requesting that the parties provide evidence and argument as to whether the appellant waived his military retired pay and made the required deposit in order to receive credit for his military service for purposes of computing his FERS annuity.  PFR File, Tab 4 at 2.  We also stated in the order that, depending upon the information provided, it is possible that the appellant may be entitled to a hearing on the issue of whether he waived his military retired pay and made the required deposit.  *Id.*

¶6    In its response, OPM states that the appellant paid the required deposit for his military service and waived his military retired pay, effective November 30, 2014, but that he revoked his waiver on August 18, 2015.  PFR File, Tab 5 at 4-5, 8, 10-11.  OPM's response also includes evidence of the deposit, waiver, and revocation.  *Id.* at 8, 10-11.  OPM requests that we affirm the initial decision and remand the case for computation of the appellant's annuity.  *Id.* at 5.  The appellant agrees that he made the required deposit.  PFR File, Tab 6 at 2.

However, he argues that he was exempt from signing a waiver because he was receiving CRSC benefits. *Id.* Nevertheless, he states that his CRSC payments are paid in lieu of retired pay from the USAF. *Id.* He also requests a hearing if the Board finds that one is warranted. *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 The appellant reasserts that his injuries were related to combat and that, after he developed his injuries, his military retired pay was converted to payments on the basis of his injuries.[2] PFR File, Tab 1 at 2. He also voices his concern about a deposit for his military service, although he has not pointed to a specific argument regarding this issue. *Id.* at 1.

¶8 An appellant bears the burden of proving his entitlement to retirement benefits by preponderant evidence. *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(ii). Generally, an annuitant who performed military service after December 31, 1956, must meet the following requirements before his separation from civilian service to receive credit for his military service in his FERS annuity: (1) waive his military retired pay; and (2) make a deposit for each period of military service performed after December 31, 1956. 5 U.S.C.

---

[2] The appellant asserts that the administrative judge cited case law that is inapplicable to his appeal, that he never had the opportunity to discuss "USC Title 5 Section 1144," and that OPM and the administrative judge cited a "DA Form 99," but he cannot find such a form. PFR File, Tab 1 at 1-2. He has not identified, and we have not found any incorrect cases cited by the administrative judge. Further, his argument does not refer to any identifiable statutes. We also have considered the appellant's argument regarding the form, which OPM and the administrative judge cited in the context of listing the appellant's inadequate documentation. ID at 5-6; IAF, Tab 10 at 4. However, we find that any possible improper citation is not prejudicial in that it does not alter the finding that the appellant failed to provide the required documentation in support of his claim that he retired because of a service-connected disability. Accordingly, we find that the appellant's arguments provide no basis for disturbing the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversing an initial decision).

§§ 8411(c), 8422(e); *see Barth v. Office of Personnel Management*, 116 M.S.P.R. 123, ¶ 11 (2011); 5 C.F.R. § 842.306. However, there is a limited exception to the waiver requirement if an annuitant's retired pay is "*based on* a service-connected disability" that was "incurred in combat with an enemy of the United States," or "caused by an instrumentality of war and incurred in line of duty during a period of war[.]" 5 U.S.C. § 8411(c)(2)(A) (emphasis added); *see Barth*, 116 M.S.P.R. 123, ¶¶ 9, 11.

¶9      It is undisputed that the appellant is entitled to receive a FERS annuity by virtue of his service with the USPS from March 16, 1996, until he retired on November 30, 2014, and that he also was entitled to receive military retired pay by virtue of his 21 years, 7 months, and 15 days of military service. IAF, Tab 10 at 4-9, 23. However, the evidence of record does not support a finding that the appellant is entitled to receive credit for his military service within his FERS annuity without waiving his military retired pay.

¶10     The December 2015 letter regarding the appellant's CRSC claim states that he had a combat-related disease that was caused by his exposure to Agent Orange. *Id.* at 26. However, the letter does not indicate that the appellant's retirement was based upon that disease. *Id.* Additionally, the appellant's Certificate of Release or Discharge from Active Duty, which is commonly known as a DD-214 form, reflects that he separated from the military on the basis of his years of service. *Id.* at 35. Also, the letter from the USAF approving the appellant's CRSC claim notes that he was diagnosed with his service-connected disabilities beginning in the 2000s, which was after he retired from the USAF. *Id.* at 14-15. The appellant also described these diagnoses as beginning after he retired from the USAF. IAF, Tab 1 at 2. Accordingly, we agree with the administrative judge that the appellant has not demonstrated that he retired due to his combat-related injuries. ID at 4-7. Thus, we find that the appellant was not entitled to credit for his military service on the basis of the exception for annuitants who retired because of a service-connected disability. *See Patillo v. Office of Personnel*

*Management*, [40 M.S.P.R. 452](#), 455-56 (1989) (finding that the appellant failed to demonstrate that his military retired pay was awarded under [5 U.S.C. § 8332](#)(c)(2), which is identical to the statute at issue here); *cf. Barth*, [116 M.S.P.R. 123](#), ¶ 11 (finding that the appellant was not required to waive his military retired pay awarded on the basis of a service-connected disability to receive credit for the period of military service in his FERS annuity). We thus affirm the administrative judge's conclusion that the appellant was not entitled to credit for his military service for purposes of computing his FERS annuity on the basis of a service-connected disability.

¶11 Nevertheless, we agree with the administrative judge that the appeal must be remanded to OPM to properly compute the appellant's annuity. It is undisputed that the appellant made a deposit of $16,569.56 to receive credit for his military service in his FERS annuity. PFR File, Tab 5 at 11, Tab 6 at 2. OPM also has submitted a copy of the waiver signed by the appellant on April 21, 2015, in which he indicated that he was waiving his right to military retired pay for civil service retirement purposes, effective November 30, 2014.[3] PFR File, Tab 5 at 10. Thus, the evidence appears to show that the appellant originally satisfied the requirements for receiving credit in his FERS annuity for his military service. [5 U.S.C. §§ 8411](#)(c), 8422(e); *see Barth*, [116 M.S.P.R. 123](#), ¶ 11; [5 C.F.R. § 842.306](#). However, OPM also has included the appellant's request to withdraw his waiver of military retired pay, which he submitted prior to OPM's initial and reconsideration decisions. PFR File, Tab 5 at 8-9; IAF, Tab 10 at 6-8, 11-13. Under these circumstances, we find it appropriate to remand the matter to OPM to determine whether the appellant properly rescinded his waiver and to recalculate his annuity accordingly.

---

[3] The appellant states that he "completed the necessary forms to combine [his] military service with OPM/FERS annuity." PFR File, Tab 6 at 2.

**ORDER**

¶12     For the reasons discussed above, we remand this case to OPM for further adjudication in accordance with this Remand Order.

¶13     On remand, OPM shall review its records, explain whether the appellant properly rescinded his waiver of military retired pay for purposes of crediting his military service toward the FERS annuity, provide all pertinent documentation, and recalculate the FERS annuity accordingly.  OPM then must issue a new decision regarding the annuity recomputation to the appellant and provide him with appeal rights.  5 C.F.R. § 831.110.  OPM must complete these actions no later than 90 days of the date of this Order.

¶14     We ORDER OPM to inform the appellant in writing when it believes it has fully carried out all actions taken to comply with this Order and of the date on which it believes it has fully complied.  We ORDER the appellant to provide all necessary information that OPM requests to carry out the Board's Order.  The appellant, if not notified, should ask OPM about its progress.

¶15     No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM.  *See* 5 C.F.R. § 1201.182(a).

FOR THE BOARD:                    /s/ for
_____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.